IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 22, 2010

## STATE OF TENNESSEE v. JAY BEAN

**Direct Appeal from the Circuit Court for Rutherford County**
**No. F-58423      David Bragg, Judge**

**No. M2009-02059-CCA-R3-CD - Filed March 16, 2011**

Defendant, Jay Bean, filed a "Motion to Furlough Defendant" from his sentence of incarceration in order for him to be admitted to a drug treatment program. The trial court denied the motion and Defendant filed a notice of appeal. Among other assertions, the State argues that the appeal should be dismissed because Defendant's chosen avenue to seek review of the trial court's order, Tennessee Rule of Appellant Procedure 3(b), does not permit an appeal as of right in this case. We agree with the State and dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which JERRY L. SMITH and J.C. MCLIN, JJ., joined.

Gerald L. Melton, District Public Defender; and Russell N. Perkins, Assistant Public Defender, Murfreesboro, Tennessee, for the appellant, Jay Bean.

Robert E. Cooper, Jr., Attorney General and Reporter; Matthew Bryant Haskell, Assistant Attorney General; William C. Whitesell, Jr., District Attorney General; and Trevor H. Lynch, Assistant District Attorney General, for the appellee, the State of Tennessee.

## OPINION

Pursuant to a negotiated plea agreement, Defendant pled guilty to aggravated burglary, theft over $1,000.00, and vandalism over $1,000.00. With concurrent sentencing, he received an effective sentence of six years to be served by split confinement: 180 days of confinement, with the balance suspended on supervised probation for six years. The judgments of conviction were entered on May 9, 2006. On February 15, 2008, the trial court entered an order sustaining a violation of probation warrant. The warrant is not in the record, so the reason(s) for violation of probation is not apparent. The trial court ordered Defendant

to serve 45 days incarceration followed by reinstatement to supervised probation for the balance of the sentence.

Another violation of probation occurred, but again the warrant is not in the record. A probation violation order was entered on July 20, 2009. The order states that there was an "[a]greed [r]evocation, based on the grounds specified in the warrant." There is no transcript of the probation violation court proceedings in the record. The order revoked probation and ordered Defendant to serve by incarceration the originally imposed sentence of 6 years, with credit for time already served. An additional notation on the order provided that "Court to determine if furlough allowed." Defendant filed both his "Motion to Furlough Defendant" and an amendment to the motion on August 14, 2009. On August 28, 2009, the trial court held a hearing solely on the issue of whether to grant a furlough, at which Defendant testified. On September 9, 2009, the trial court entered its order denying the motion for a furlough.

On September 24, 2009, Defendant filed a "Notice of Appeal" to the Court of Criminal Appeals from the trial court's "judgment entered in this action on the 9th day of September 2009, after hearing held on August 28, 2009, whereby his motion for furlough was denied and he was ordered to serve his sentence."

In his brief on appeal, Defendant has not limited his argument to the trial court's denial of his motion for a furlough. He also argues that the trial court should have sentenced him to a community based alternative to incarceration upon revocation of his probation.

As applicable in Defendant's case, Tennessee Code Annotated section 40-35-316(a) provides in pertinent part that a trial court under certain circumstances "shall have jurisdiction to grant furlough for any medical, penological, rehabilitative or humane reason, upon conditions to be set by the sentencing court."

Addressing first the issue of whether an appeal as of right is available from a trial court's order denying a defendant's motion for a furlough, we conclude that it is not available. Tennessee Rule of Appellate Procedure 3(b) provides that a defendant may appeal as of right from: (1) a judgment of conviction upon a plea of not guilty, or on a plea of guilty or nolo contendere under circumstances not applicable in this case; (2) a sentence when there is no plea agreement concerning the sentence; (3) an order which denies or revokes probation; and (4) final judgments in criminal contempt, post-conviction, habeas corpus, or extradition proceedings.

The notice of appeal, the pertinent portion of which is set forth above, could not be more clear as to what Defendant sought to appeal - - the order denying his motion for a

furlough from his six-year sentence. The order which Defendant desires to appeal is not a judgment of conviction from a plea of not guilty, or from a plea of guilty or nolo contendere. The order does not set a sentence which was not part of a negotiated plea agreement. Neither is the order a final judgment in one of the other proceedings named in Rule 3(b). Specifically, the order detailed in Defendant's notice of appeal did not refer to the revocation of his probation. The most recent order revoking probation was entered on July 20, 2009. Clearly, Defendant did not refer to that order in his notice of appeal.

If an order is not specifically listed in Rule 3(b) as one of the types of orders or judgments from which an appeal as of right exists, then there is no appeal as of right from that order. In *State v. Thomas Coggins*, No. M2008-00104-CCA-R3-CD, 2009 WL 482491, *1 (Tenn. Crim. App. at Nashville, Feb. 25, 2009), the trial court revoked the defendant's previously imposed probation and suspended sentence on August 21, 2007, following an evidentiary hearing. The defendant filed a "Motion for New Hearing and For Arrest of Judgment" on September 4, 2007. The trial court entered a written order denying this motion on December 4, 2007, and the defendant filed a notice of appeal on December 13, 2007. A panel of this Court determined that based upon the sole issue presented on appeal, the defendant was attempting to appeal *only* the trial court's denial of a new probation revocation hearing, and not the revocation of his probation. *Id*. at *4. The Court in *Thomas Coggins* held that the defendant had no Rule 3(b) appeal as of right from the order and dismissed the appeal. *Id*.

Even if we construed Defendant's notice of appeal to include the order revoking probation on July 20, 2009, the notice of appeal filed on September 24, 2009, would not be timely. A timely notice of appeal filed pursuant to Rule 3(b) must be filed within 30 days after entry of the order appealed from. The notice of appeal is not jurisdictional in criminal cases, and the timely filing of it may be waived in the interest of justice. Defendant failed to include in the record a transcript of the probation revocation hearing. Neither is a copy of the probation violation warrant included in the appellate record. Furthermore, this was Defendant's second violation of his probation. There is absolutely nothing in the record or in Defendant's brief which would warrant waiver of the timely filing of the notice of appeal to address Defendant's complaint about being ordered to serve the sentence by incarceration rather than by a community based alternative to incarceration. Defendant is not entitled to relief.

**CONCLUSION**

The appeal in this case is dismissed.

_____
THOMAS T. WOODALL, JUDGE

-3-